UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

═══════════════════════════════════════════════════

RANDI J. THALER, AS
ADMINISTRATRIX OF THE
ESTATE OF SARA D. THALER,
DECEASED,

                      Plaintiff,

v.                                        6:08 - CV -00524 (NPM / GJD)

CSX TRANSPORTATION, INC.,

                      Defendant.

═══════════════════════════════════════════════════

APPEARANCES                         OF COUNSEL

OFFICE OF CARL D. GRAZIADEI     CARL D. GRAZIADEI, ESQ.
Attorney for Plaintiff
214 Oriskany Boulevard
Whitesboro, NY    13492

PETRONE & PETRONE, P.C.       DAVID H. WALSH, IV, ESQ.
Attorney for Plaintiff
108 West Jefferson Street, Suite 305
Syracuse, NY       13202

HODGSON RUSS LLP          LAWRENCE R. BAILEY, JR., ESQ.
Attorney for Defendant
60 East 42nd Street, 37th floor
New York, NY     10165

NEAL P. McCURN, Senior District Court Judge

<u>MEMORANDUM-DECISION AND ORDER</u>

This action arises from an accident which occurred in the City of Rome, New York, on August 16, 2006.  The accident involved a freight train locomotive and a vehicle carrying five young people, resulting in the tragic death of a young woman, Sara Thaler ("Sara").  The plaintiff in this action is Randi J. Thaler ("Thaler"), the mother of Sara, and subsequently, the administratrix of Sara's estate.  The defendant, CSX Transportation, Inc. ("CSX"), is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in the State of Florida (Doc. No. at 2).  CSX states that it is authorized to do business in the State of New York (Doc. No. 5).  Thaler filed suit against CSX in State of New York Supreme Court on April 28, 2008, claiming negligence and demanding judgment against CSX for Sara's pain, suffering, emotional trauma leading up to her death, as well as burial expenses and expenses necessary for settlement of Sara's estate.

On May 19, 2008, CSX removed the action to this court (Doc. No. 1), citing complete diversity of citizenship between the parties.  On May 29, 2008, CSX filed a third-party complaint against three individuals who are not citizens of New York State, and against the City of Rome, New York (Doc. No. 5).  On June 17, 2008, Thaler moved this court to remand the action back to the state court, citing CSX's failure to demonstrate that Thaler was not only a resident but a citizen of

New York State (Doc. No. 13).  For the reasons set forth below, Thaler's motion to remand will be granted.

## I.    FACTS AND PROCEDURAL HISTORY

The court deems it unnecessary to delve into the specific facts of the case in order to decide the jurisdictional issue before it, and only includes the facts as needed for the purpose of this decision.  As stated <u>supra</u>, Thaler filed the original action against CSX in State of New York Supreme Court on April 28, 2008.  The automobile involved in the collision with the train carried five passengers, including  Sara.  All five passengers, including Thaler on Sara's behalf, commenced actions in State Supreme Court in Oneida County against the driver of the vehicle and the owner of the vehicle.  After the commencement of those proceedings, Thaler filed a separate action against CSX for negligence based upon the same facts and circumstances, the action that was subsequently removed to this court (Doc. Nos. 13, 25).  Including the case at bar, prior to its removal, CSX is named as either a defendant or third party defendant in as many as six pending state court actions arising from the same incident, with all actions consolidated for the purpose of discovery (Doc. No. 31 at 3).

The state court actions continue, with depositions nearly complete. Depositions yet to be taken are of CSX representatives who were not allowed to be

3

deposed by Thaler's counsel (Doc. No. 25).  During other depositions, Thaler

obtained information regarding an additional party, Ruston Paving ("Ruston"), a

New York Corporation, which was involved in the paving of the road over the

railroad tracks where the accident occurred.   Thaler filed a letter motion with this

court to amend her complaint to include Ruston as an indispensable party (Doc.

No. 37).  On July 31, 2008, Magistrate DiBianco denied the letter motion as

insufficient pursuant to the Local Rules (Doc. No. 41).

## II.    DISCUSSION

### A.    Removal

#### 1.    Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be

removed by the defendant or defendants, to the district court of the United States

for the district and division embracing the place where such action is pending." 28

U.S.C. § 1441(a) (West 2008).  To bring an action in or to remove an action to

federal court, there must be complete diversity of citizenship between the parties

and a minimum amount in controversy of $75,000. 28 U.S.C. § 1332(a)(1) (West

2008).  "This statute and its predecessors have consistently been held to require

complete diversity of citizenship.  That is, diversity jurisdiction does not exist

unless each defendant is a citizen of a different State from each plaintiff." <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365,373, 98 S.Ct. 2396 (1978).

Section 1332 states clearly that the matter in controversy must be between **citizens** of different states.  28 U.S.C.A. § 1332 (a)(1) (West 2008) (emphasis added).  It is well established law that allegations of residency alone cannot establish citizenship. <u>Canedy v. Liberty Mut. Ins. Co.</u>, 126 F.3d 100, 103 (2d Cir. 1997).  However, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint." <u>Id.</u>   The court has discretion to allow amendment to pleadings to show jurisdiction pursuant to 28 U.S.C.A. § 1653, which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653 (West 2008).

"Absent diversity of citizenship, federal question jurisdiction is required ... Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, n.4 (citing 28 U.S.C. § 1331 (1987)).[1]

---

[1]   There is no federal question presented in the case at bar. Therefore, the focus of this motion for remand is on diversity jurisdiction.

Subsequent counterclaims filed by a defending party or parties pursuant to third-party practice may defeat diversity, resulting in a lack of federal jurisdiction over the action.  Rule 14 of the Federal Rules of Civil Procedure accommodates third-party practice, i.e., "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. Rule 14(a)(1) (West 2008).  However, "[a] failure of diversity ... contaminates the action, so to speak, and takes away any justification for providing a federal forum ... [T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original jurisdiction over the entire action." Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 179 (2d Cir. 2007) (citing Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 562-64, 125 S.Ct. 2611(2005)). "[A] diversity-destroying party joined after the action is underway may catalyze loss of jurisdiction." Id. at 565.

### 2.    Supplemental Jurisdiction

When a counter-claim destroys complete diversity, courts have the ability to assume supplemental jurisdiction.  Supplemental jurisdiction arises pursuant to 28 U.S.C.A. § 1367, which states in pertinent part that

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, **the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14**, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, **when exercising supplemental jurisdiction over such claims would be inconsistent with**

**the jurisdictional requirements of section 1332.**...

28 U.S.C.A. § 1367(a)-(b) (West 2008) (emphasis added).

Section 1367 codifies the doctrines of pendent jurisdiction and ancillary jurisdiction under the name of supplemental jurisdiction. "'[P]endent' jurisdiction doctrine permits a federal court to entertain a state claim of which it would otherwise lack subject matter jurisdiction when it is joined with a related federal claim, the two arising out of the same event or connected series of events. Under

pendent jurisdiction, the federal claim acts as the equivalent of a jurisdictional crutch. In the constitutional sense, the relatedness of the two claims makes both of them part of the same constitutional 'case'...." Siegel, David D., Commentary on 1988 revision of 28 U.S.C.A. § 1367) (West 2008).  "Application of the doctrine of pendent jurisdiction is discretionary; it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law.  Dismissal of the state claim is the recommended procedure if state issues predominate or jury confusion is likely due to divergent legal theories, and in cases where the federal claim is disposed of prior to trial." Federman v. Empire Fire and Marine Ins. Co., 597 F.2d 798, 809 (2d Cir. 1979).

"The doctrine of 'ancillary' jurisdiction is mainly associated with the diversity jurisdiction ...ancillary jurisdiction does its main work in supporting jurisdiction of certain claims interposed by other parties than the plaintiff. Like pendent jurisdiction, it is designed to avoid piecemeal litigation. It functions in both federal question and diversity contexts ... but its more frequent application has been on the diversity side ...."  Siegel, David D., Commentary on 1988 revision of 28 U.S.C.A. § 1367 (West 2008).

"The U.S. Supreme Court holds that the ancillary jurisdiction is primarily a

8

tool for defendants, in court against their will, to facilitate their assertion of claims against others, and that it can't be used by a plaintiff to secure subject matter jurisdiction with respect to a third-party defendant of whom it would have been lacking had he been an original defendant .... " Id.

"[T]he doctrine of ancillary jurisdiction ... recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994).  "[A]ncillary jurisdiction is aimed at enabling a court to administer justice within the scope of its jurisdiction." Stein v. KPMG, LLP, 486 F.3d 753, 760 (2d Cir 2007). However, "Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship ... To allow the requirement of complete diversity to be circumvented ...would simply flout the congressional command." Owen, 437 U.S. at 377.

**B.     Remand**

It is well-settled law that unless the balance of law is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839 (1947).  On a motion to remand, the court

construes all factual allegations in favor of the party seeking the remand.

Connecticut Resources Recovery Act v. Lay, 292 B.R. 464, 469-70 (D. Conn.

2003).  Consequently, "[i]n determining whether remand is appropriate, [a] court

must evaluate all of the factual allegations in the light most favorable to the

plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."

Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).   The

removing party bears the burden of showing that the removal was proper.  This

burden extends to demonstrating the jurisdictional basis for removal. California

Public Employees' Retirement System v. Worldcom, Inc., 368 F.3d 86, 100 (2d

Cir. 2004).

### C.    Analysis

In the case at bar, the law places a heavy burden upon CSX to convince the

court to disturb Thaler's choice of forum.  As a threshold matter, the court agrees

with Thaler that CSX's failure to assert Thaler's New York State citizenship was

error.  However, while acknowledging that the assertion of citizenship is a crucial

component of a notice to remove, failure to allege citizenship is not fatal to the

notice, and based on the facts in the case at bar, this omission  should be treated as

a technical error, not a procedural error triggering remand.  The court is persuaded

by the fact that Thaler fails to offer proof that she is not, in fact, a citizen of New

York.   Had the court determined it was necessary to rule on this issue, CSX would have been given time to amend its notice.  Thaler also asserts in her letter dated July 17, 2008 (Doc. No. 37) that she has recently learned of an indispensable third party that must be joined in this action, and Thaler voices an intent to move this court to amend her complaint.  CSX has vowed to fight any attempt Thaler makes to amend the complaint (Doc. No. 40).

The court finds it does not need to reach the issue of CSX's failure to state Thaler's citizenship in its notice of removal, nor Thaler's intent to move to join an indispensable party, because by filing its third-party complaint against the City of Rome, New York, CSX destroyed the complete diversity required to give this court jurisdiction over the matter.  As stated <u>supra</u>, when a district court has original jurisdiction solely on the basis of diversity, that court "shall not have supplemental jurisdiction ... over claims by plaintiffs against persons made parties under Rule 14 ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C.A. § 1367(b).

Although "ancillary jurisdiction should be more readily available to one haled into court against his or her will than to a plaintiff who has chosen the forum for litigation," <u>see  Associated Dry Goods Corp. v. Towers Financial</u>, 920  F.2d

11

1121, 1126 (2d Cir 1990) (citing <u>Owen</u>, 437 U.S. at 376), CSX has not convinced this court that there are grounds to disturb Thaler's choice of forum.  Accordingly, the court declines to assert ancillary, i.e. supplementary jurisdiction over CSX's counter-claim against third-party defendant City of Rome.  Construing all factual allegations in favor of Thaler, the party seeking remand, and in the interest of justice and of judicial economy, this action will be remanded to the state court for further proceedings.

## III.   CONCLUSION

For the reasons set forth above, this action is hereby remanded back to the New York State Supreme Court, County of Oneida, in which it was originally filed.

SO ORDERED.

July 31, 2008

_____
Neal P. McCurn
Senior  U.S. District Judge