UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RANDI J. THALER, AS
ADMINISTRATRIX OF THE
ESTATE OF SARA D. THALER,
DECEASED,

                    Plaintiff,

v.                                  6:08 - CV - 524  (NPM / GJD)

CSX TRANSPORTATION, INC.,

                      Defendant.

===================================================

| APPEARANCES | OF COUNSEL |
|---|---|
| OFFICE OF CARL D. GRAZIADEI<br>Attorney for Plaintiff<br>214 Oriskany Boulevard<br>Whitesboro, NY   13492 | CARL D. GRAZIADEI, ESQ. |
| PETRONE & PETRONE, P.C.<br>Attorney for Plaintiff<br>108 West Jefferson Street, Suite 305<br>Syracuse, NY   13202 | DAVID H. WALSH, IV, ESQ. |
| HODGSON RUSS LLP<br>Attorney for Defendant<br>60 East 42nd Street, 37th floor<br>New York, NY   10165 | LAWRENCE R. BAILEY, JR., ESQ. |

NEAL P. McCURN, Senior District Court Judge

MEMORANDUM-DECISION AND ORDER

This action arises from an accident which occurred in the City of Rome, New York, on August 16, 2006.  The accident involved a freight train locomotive and a vehicle carrying five young people, resulting in the tragic death of a young woman, Sara Thaler ("Sara").  The plaintiff in this action is Randi J. Thaler ("Thaler"), the mother of Sara, and subsequently, the administratrix of Sara's estate.  The defendant, CSX Transportation, Inc. ("CSX"), is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in the State of Florida (Doc. No. at 2).

The court assumes familiarity with the relevant facts of this case pursuant to its decision and order (Doc. No. 43) dated July 31, 2008.  Currently before the court is a motion to reconsider that decision and order based on CSX's assertion that by impleading third party defendant City of Rome, it did not defeat diversity jurisdiction, and the court retains subject matter jurisdiction over this action.  After a thorough review of CSX's motion, Thaler's response  (Doc. No 46), and the relevant case law (See e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 n. 1, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)),  the court agrees with CSX that diversity jurisdiction is not destroyed by the impleading of the City of Rome, and that the court retains subject matter jurisdiction over this case.

This court notes, however, that should Thaler move to join an indispensable

2

party or to amend her complaint to include claims against the City of Rome, or should the City of Rome assert claims against Thaler, a new inquiry into this court's subject-matter jurisdiction would be required.

For the reasons set forth above, CSX's motion to reconsider (Doc. No. 44) is hereby GRANTED. Because the court retains subject matter jurisdiction over this matter, the court instructs the Clerk to reopen this case.

SO ORDERED.

August 26, 2008

*Neal P. McCurn* (signature)

Neal P. McCurn
Senior U.S. District Judge